UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| ENRIQUE NAVA, | ) | NO. CV 05-8387-DSF (OP) |
| Petitioner, | ) | PROTECTIVE ORDER |
| v. | ) | |
| MATTHEW CATE, Warden, | ) | |
| Respondent. | ) | |

Based on the stipulation of the parties and *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003) (en banc), and good cause having been shown, it is hereby ordered that the following Protective Order shall apply to (1) documents and materials from trial counsel's files that Petitioner provides to Respondent during this habeas action; (2) any related testimony provided at an evidentiary hearing in this matter; and (3) any reference to such documents or testimony in the parties' pleadings submitted to the Court:

    1.    Materials from Petitioner's trial counsel's files, including the files of other defense team members, produced to the Respondent in this matter, or filed with or otherwise submitted to this Court, shall be subject to this Protective Order and shall remain confidential and sealed. At the evidentiary hearing to be held in this case, any testimony by Petitioner, Petitioner's experts, trial counsel, and any trial defense team member shall be subject to this Protective Order and shall remain confidential and sealed. Petitioner contends that the testimony provided by these witnesses is subject to claims of privilege and/or protected from disclosure by the attorney work product doctrine.[1] Respondent's position is that notwithstanding this Protective Order, the courtroom shall remain open to the public for the entirety of the evidentiary hearing to be held in this case. Petitioner's position is that the Protective Order does not require the Court to close the courtroom during the evidentiary hearing, and that any testimony given in open court discussing privileged material shall not constitute a waiver of privilege under *Bittaker* and may not be used against Petitioner at any subsequent retrial. The parties agree that the Protective Order shall not require any order from this Court addressing material covered by the Protective Order to be redacted or filed under seal. Privileged material revealed in open court or discussed in a publicly-filed order or opinion shall not constitute a waiver of privilege

---

[1] Materials and testimony subject to a privilege and/or subject to the attorney work product doctrine will be referred to collectively hereinafter as "privileged" materials.

1 | by Petitioner as understood in *Bittaker*.

2 |     2.    All privileged documents and testimony produced to Respondent in this action may be used only for purposes of litigating this habeas corpus proceeding by (a) Petitioner and the members of his legal team, i.e., lawyers, paralegals, investigators and support staff, assigned to *Nava v. Cate* by the Office of the Federal Public Defender, and persons retained by Petitioner's counsel to litigate this matter, including, but not limited to, outside investigators, consultants and expert witnesses; and (b) Respondent and the members of his legal team, i.e., lawyers, paralegals, investigators and support staff, assigned to *Nava v. Cate* by the California Department of Justice, Attorney General's Office, and persons retained by Respondent's counsel to litigate this matter, including, but not limited to, outside investigators, consultants and expert witnesses.  This Protective Order extends to members of the legal teams and all persons retained by the parties to litigate this matter.  All such individuals shall be provided with a copy of this Protective Order.

    3.    Except for disclosure to the persons and agencies described in Paragraph 2, disclosure of the contents of the privileged documents and testimony and the documents and testimony themselves shall not be made to any other persons or agencies, including, but not limited to, prosecutorial agencies and law enforcement personnel, without this Court's order.

    4.    Documents and testimony that Petitioner contends are privileged shall be clearly designated as such by labeling the documents or testimony in a manner that does not prevent reading the text of the document.

    5.    All documents and testimony designated as privileged by Petitioner that are submitted to this Court shall be submitted under seal in a manner reflecting their confidential nature and designed to ensure that the privileged material will not become part of the public record.  At the evidentiary hearing to be held in this matter, privileged testimony shall be clearly designated as such by marking the transcripts of the proceeding.  Any pleading or other papers served on opposing counsel or filed or

lodged with the Court that contains or reveals the substantive content of the privileged matter shall be filed under seal, and shall include a separate caption page that includes the following confidentiality notice or its equivalent:

"<u>TO BE FILED UNDER SEAL</u>

THIS PLEADING OR DOCUMENT CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A PROTECTIVE ORDER AND IS NOT TO BE OPENED NOR ITS CONTENTS DISPLAYED OR DISCLOSED"

6. If privileged documents or documents containing privileged matters are filed with this Court, they shall be filed with the Clerk of this Court in sealed envelopes prominently marked with the caption of the case and the foregoing Confidentiality Notice. The Clerk of the Court is directed to maintain the confidentiality of any documents filed in accordance with the above. Insofar as reasonably feasible, only confidential portions of the filings shall be under seal, and the parties shall tailor their documents to limit, as much as is practicable, the quantity of material that is to be filed under seal. When a pleading or document contains only a limited amount of privileged content, a party may file a complete copy under seal and at the same time file on the public record an additional, redacted version of the document, blocking out the limited matter comprising the confidential portions.

7. Pursuant to *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003) (en banc), Petitioner's disclosure of documents from trial counsel's files in this action, and any related testimony by Petitioner or members of Petitioner's trial team at a deposition or evidentiary hearing in this case, does not constitute a waiver of Petitioner's rights under the Fifth and Sixth Amendments to the United States Constitution in the event of any retrial.

8. All of Petitioner's medical records that are produced to Respondent in this action are subject to this Protective Order. These records may be used only for purposes of litigating this habeas corpus proceeding. The parties agree that all medical records will be filed under seal.

9. This Order shall continue in effect after the conclusion of the habeas

3

corpus proceedings and specifically shall apply in the event of a retrial of all or any portion of Petitioner's criminal case. Any modification or vacation of this Order shall only be made upon notice to and an opportunity to be heard from both parties.

IT IS SO ORDERED.

DATED: 5/10/11

HONORABLE OSWALD PARADA
United States Magistrate Judge

Presented By:

 */s/ Mark R. Drozdowski*
MARK DROZDOWSKI
Deputy Federal Public Defender

Counsel for Petitioner
ENRIQUE NAVA

 */s/ Sarah J. Farhat*
SARAH J. FARHAT
Deputy Attorney General

Counsel for Respondent
MATTHEW CATE